IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BOWEI XI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-00088-JD-JEM |
| THE TRUSTEES OF PURDUE UNIVERSITY, | ) ) ) |
| Defendant. | ) ) |

## REPORT OF PARTIES' PLANNING MEETING

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on December 28, 2023. Timothy Dowers participated for the Plaintiff and Colleen Schade participated for the Defendant.

2. **Jurisdiction.**

   The court has jurisdiction under 28 U.S.C. § 1331, in that the claims arise under the laws of the United States, and particularly Title VII of the Civil Rights Act of 1964 ("Title VII") codified at 42 U.S.C. § 2000e et seq., Age Discrimination in Employment Act of 1967 ("ADEA") codified at 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1981 ("Section 1981").

3. **Pre-Discovery Disclosures.**

   The parties will exchange, *but may not file*, Rule 26(a)(1) information by **February 19, 2024**.

4. **Discovery Plan.**

   The parties propose the following discovery plan. Discovery will be needed on the following subjects:

   a. Plaintiff's claims and allegations in her Complaint;
   b. Defendant's denials and defenses to Plaintiff's allegations; and

1

    c.    The extent, nature, severity, and amount of Plaintiff's damages, if any.

Disclosure or discovery of electronically stored information should be handled as follows:

    a.    The parties have discussed preservation and disclosure of electronically stored discovery information. The parties do not believe the electronic discovery efforts in this matter to be out of the ordinary from what has been the standard electronic discovery practice for such actions, involving limited claims and a limited scope in terms of electronic data to be sought. The parties agree to produce copies of the documents in .pdf format or in an industry standard load file production consisting of single-page bates-stamped TIFF images, excluding metadata, absent any privileges or objections which would preclude or protect such data from being disclosed. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection. If the receiving party determines, in good faith, that disclosure of a document in a printed, TIFF image, or .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy, including metadata as appropriate, be provided to it, and the producing party may object to such a production. Any extraordinary costs for duplication shall be allocated to the requesting party.

    b.    <u>Inadvertent Disclosure of Privileged Documents</u>. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. All other disputes regarding privilege shall be resolved pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

    c.    <u>Preservation of Data</u>. The parties will make every reasonable effort to preserve all electronic data relevant to either party's claims or defenses.

    d.    The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

    e.    The parties agree that a Protective Order may be necessary in this case and will present a stipulated Protective Order for the Court's consideration if it is determined to be necessary.

    f.    <u>Additional Issues</u>. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

The parties request a bifurcation of discovery deadlines for liability/non-expert discovery and for damages/expert discovery.

The parties agree that discovery on liability and non-expert discovery is to be completed by **September 19, 2024.** All remaining discovery, including discovery on damages and expert discovery, is to be completed by **January 20, 2025**.

Maximum of 25 interrogatories by each party to any other party.

Maximum of 25 requests for admission by each party to any other party.

Maximum of 5 depositions by plaintiff(s) and 5 by defendant(s).

Each deposition of a party is limited to a maximum of 7 hours unless extended by stipulation or Court order. Each deposition of a non-party is limited to a maximum of 4 hours of testimony, unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

a. **October 18, 2024** for plaintiff(s);

b. **November 19, 2024** for defendant(s); and

c. Supplementation under Rule 26(e) due as information becomes available.

d. Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed within 30 days of receipt of the expert witness report. Counsel stipulate that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent**.**

5. **Other Items.**

a. The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is **March 19, 2024.**

    b. The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is **April 19, 2024.**

    c. The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

    d. The case should be ready for jury trial by **November 2025** and at this time is expected to take approximately 3-4 days.

    e. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure: Mediation. The parties have agreed upon John LaDue as a mediator.

Date: December 28, 2023

| | |
|---|---|
| /s/ *Timothy A. Dowers* | /s/ *Colleen E. Schade* |
| Counsel for Plaintiff | Counsel for Defendant |
| John H. Haskin (7576-49) | John R. Maley (#14300-89) |
| Timothy A. Dowers (37933-49) | Colleen Schade (#36229-41) |
| JOHN H. HASKIN & ASSOCIATES | BARNES & THORNBURG LLP |
| 255 North Alabama Street, 2nd Floor | 11 South Meridian Street |
| Indianapolis, Indiana 46204 | Indianapolis, Indiana 46204 |
| Telephone: (317) 955-9500 | Telephone: 317.236.1313 |
| Facsimile: (317)955-2570 | Facsimile: 317.231.7433 |
| Email: jhaskin@jhaskinlaw.com | E-mail: john.maley@btlaw.com |
|       tdowers@jhaskinlaw.com |       colleen.schade@btlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |