UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BOWEI XI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:23-cv-88 |
| | ) |
| THE TRUSTEES OF | ) |
| PURDUE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

The Plaintiff, Bowei XI ("Plaintiff"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, provides to Defendant, The Trustees of Purdue University ("Defendant"), the following Answers and objections to Defendant's First Set of Interrogatories.

**PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**

1.  Only relevant and discoverable information shall be provided. Request information will not be identified or produced if it exceeds the scope of discovery as set forth in Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

2.  No information protected by the attorney-client privilege or work product doctrine shall be produced. To the extent any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information. To the extent the requests call for documents or information prepared by Plaintiff's counsel or written communications between Plaintiff and her counsel, Plaintiff objects and asserts these privileges and immunities to the fullest extent provided by law.

1

3. Plaintiff reserves the right to object on any ground to the use of any Answer or documents produced pursuant to these Interrogatories in any subsequent proceeding or in the trial of this action.

4. Plaintiff reserves the right to object on any ground at any time to a demand for further responses to these requests.

5. All responses contained herein are based upon information and documents presently available after diligent investigation. Plaintiff reserves the right at any time to revise, correct, add to, supplement, or clarify any of the responses herein.

6. Plaintiff objects to these requests to the extent that they impose obligations different or more burdensome than imposed by the Federal Rules of Civil Procedure.

## ANSWERS TO INTERROGATORIES

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full name and provide the following information:

(a) any other names by which you are or have ever been known, including any nicknames, maiden name, or aliases, if any;

(b) your date and place of birth;

(c) your social security number;

(d) your marital status (if married, the date upon which the marriage occurred);

(e) your driver's license number and the state in which the license was issued;

(f) your present address, telephone number, and the names of all persons with whom you reside at such address, including their relationship to you, if any; and

(g) all other addresses at which you have resided during the past five (5) years and give the period of time that you resided at each such address.

**ANSWER:** Plaintiff states as follows:

Bowei Xi
(a) None
(b) Feb 04, 1978. Born in Beijing, China
(c) 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
(d) Married on Aug 20, 2016
(e) Indiana driver's license, number 0760-10-6148
(f) 1704 King Eider Drive, West Lafayette, IN 47906
Yuan Yao, my husband, Florence Yao, my daughter, Erwin Yao, my son
(g) No other address. I reside at current address since 2014.

**INTERROGATORY NO. 2:** Please identify each document that was responsive to Defendant's First Request for Production of Documents but that you have not produced. With respect to each such document, include the following information:

(a) the document request to which the document is responsive but not produced;

(b) a description of the document, including the date, subject matter, persons mentioned in the document, persons involved with the creation of the document, and persons who received or have knowledge of the document's existence; and

(c) the reason for non-production.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: *See Plaintiff's Privilege Log*.

3

**INTERROGATORY NO. 3:** Please identify all persons, including any employees or former employees of Defendant, having knowledge relevant to your claims, including, but not limited to, any person whom you or your agent has interviewed, communicated with or contacted in relation to/concerning this action or the facts and allegations underlying this action. With respect to each such employee, former employee, or any other individual, please include the following:

(a) whether the individual is an employee or former employee of Defendant;

(b) whether and when you communicated with the individual concerning this action;

(c) the names of all persons present during each such communication;

(d) whether the communication was recorded in any way;

(e) whether the individual gave any written statements;

(f) the name and address of the person who has possession of the statements;

(g) whether the individual provided any documents during the communication; and

(h) a summary of each person's knowledge of Plaintiff's claims.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; (4) requires a narrative response that is more properly reserved for a deposition; and (5) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: Refer to Plaintiff's Initial Disclosures and Preliminary Witness lists.

**INTERROGATORY NO. 4:** Have you given any written or oral statements and/or interviews to anyone concerning this case? If so, please state:

(a) the date of each;

(b) the location of each;

(c) who was present at each;

(d) whether the statement was oral, written, and/or recorded;

(e) the person who currently has possession of any such statement; and

(f) a summary of the content of the statement/interview.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; (4) requires a narrative response that is more properly reserved for a deposition; and (5) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: I did not give any written or oral statements and/or interviews to anyone concerning this case.

**INTERROGATORY NO. 5:** Please identify each employer (including self-employment) for whom you have worked in the five (5) years prior to and during your employment with Defendant, and for each state:

(a) the name and address of each employer;

(b) all positions worked;

(c) all supervisors to whom you reported;

(d) whether you were ever disciplined and, if so, the nature of such discipline;

5

(e) the dates of your employment; and

(f) whether your separation was voluntary or involuntary.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; and (3) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: I did not work for any other employers during the five years prior to my employment with Defendant. After obtaining my Ph.D. degree in 2004, I have worked for Defendant until the present.

**INTERROGATORY NO. 6:** Have you ever been a plaintiff, defendant, or witness in any legal proceeding (including a bankruptcy proceeding), or filed a claim or charge with any legal, administrative, or other body? If so, please state:

(a) all parties named in the action;

(b) the date that the action was initiated or filed;

(c) the cause number or docket number of the action, as well as the court or administrative body with which it was filed;

(d) the nature of the dispute;

(e) the manner in which the dispute was resolved; and

(f) the nature of your testimony and/or your involvement.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; and (4) is unduly

burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: None other than the EEOC Charge directly stemming from this matter.

**INTERROGATORY NO. 7:** Have you ever been arrested and/or charged with any crime or infraction? If so, please state whether you pled guilty to any such charges or infractions, or whether you have been convicted of a crime or participated in any diversion program offered by any prosecuting agency. In addition, please describe the specific nature of the charges filed against you, the court in which the matter(s) was pending, and the date of each guilty plea, conviction, and/or the date you were assigned to any diversion program.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: No.

**INTERROGATORY NO. 8:** Describe all efforts you have taken to mitigate (minimize) the damages you claim were caused by this Defendant. If you sought other employment, please include the following information:
(a) the name, address, telephone number, and contact at each employer;
(b) the date(s) on which you contacted the employer;
(c) whether you interviewed and, if so, with whom;
(d) whether you completed an application;

(e) whether you have received any job offers and, if so, the status of each; and

(f) the reason you were ultimately not employed, if applicable.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; and (3) requires a narrative response that is more properly reserved for a deposition; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

> I couldn't find the emails from back then. I don't remember the exact date(s) about this informal inquiry. It is in Fall 2019.
>
> Plaintiff made an informal inquiry about a full professor position at University of Notre Dame, Department of Applied and Computational Mathematics and Statistics. Specifically, some time in the fall of 2019, she emailed the department chair (and does not recall their name). The department chair referred Plaintiff to to Dr. Jun Li (Phone: 574-631-3429; Address: 174B Hurley Hall, University of Notre Dame). Plaintiff spoke with Dr. Jun Li over the phone. Plaintiff never decided to formally apply for the full professor position at University of Notre Dame, Department of Applied and Computational Mathematics and Statistics, so she was not interviewed. Plaintiff is not in possession of any emails regarding her correspondence with the department chair or Li.

**INTERROGATORY NO. 9:** State any money or benefits (including wages, disability benefits, worker's compensation benefits, and/or unemployment benefits) which you have earned or received, or which you are entitled to earn or receive, during your employment with Defendant (including proceeds from self-employment). For all such money or benefits, please state:

(a) the source of the money or benefits;

(b) the amount earned or received, or to which you were entitled;

(c) the period of time over which you received, or were entitled to receive, the money or benefits;

(d) whether you must repay all or some of the money or benefits; and

(e) whether there is a written document evidencing receipt or entitlement to the money or benefits.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; (3) requires a narrative response that is more properly reserved for a deposition; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

> I never received any disability benefits, nor any unemployment benefits. All of my wages and worker's compensation benefits come from Purdue ever since I obtained my PhD degree in 2004.
>
> I was a visitor at a few places but I did not work for them and they did not pay me.
>
> I have three incomes from National Science Foundation (NSF) because I served as a panelist for NSF in 2015, 2022 & 2023. NSF panels all lasted 2-day. 2022 and 2023 were both virtual NSF panels, which NSF reimbursed $200 per day. The 2015 NSF panel was in person. NSF reimbursed $480 per panel day and $280 per additional travel day in 2015.
>
> I received $400 from NSF in 2023, $400 from NSF in 2022. I don't remember the exact amount but it should be around $1500 from NSF in 2015.

**INTERROGATORY NO. 10:** Describe any physical, mental, emotional, or psychological injuries, conditions, disabilities, or symptoms you claim that you suffered or incurred as a result of the alleged treatment by Defendant, including any physical, mental, emotional, or psychological injury, condition, disability, or symptom that you contend was

caused, exacerbated, or contributed to by treatment by Defendant. A complete answer to this Interrogatory should include:

(a) the nature of the injury, condition, disability, or symptom;

(b) the incident, event, or action allegedly causing the injury, condition, disability, or symptom;

(c) the name, mailing address, and telephone number for any doctor or medical provider with whom you consulted or are currently consulting for the injury, condition, disability, or symptom, and the date(s) of such consultation;

(d) any diagnosis, prognosis, treatment, medical procedure (including, but not limited to, surgery), or medication you have received as a result of the injury, condition, disability, or symptom;

(e) the last date you visited any doctor or medical provider; and

(f) whether you have any scheduled appointment with any doctor or medical provider and, if so, when.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; (3) calls for the production of information that is protected from disclosure by the physician-patient privilege; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

Because the department of statistics rejected my promotion the second time in Fall 2020, my son was born prematurely. He had to stay in the hospital for one more day to receive extra treatment.

Also, I miscarried at home in early 2021. A few days later I went to IU Arnette hospital OBGYN to get an ultrasound to make sure no additional procedure was needed (the exact date of ultrasound from the CD, I don't have a copy now).

Further, after hearing the rejection for College of Science, I got an abortion right after Xmas in 2022. I am seeing a doctor and taking an anti-depression drug. Occasionally I need a sleeping pill too.

I will see my primary care doctor again on April 02, 2024.

**INTERROGATORY NO. 11:** Identify each physician, psychologist, therapist, or other health care provider or health care facility from which you sought or received treatment in the last ten (10) years. A complete answer to this Interrogatory should include:

(a) the name(s), complete address, and area of specialization of each health care provider you saw concerning your injuries or illness and the services rendered by each;

(b) the date(s) and nature of each such consultation or treatment;

(c) the name and address of each hospital or other medical facility in which you were cared for and the dates that such care was provided;

(d) a full and complete itemization of all doctor, hospital, medical, lab services, and prescription bills incurred;

(e) the nature of any injuries or illness for which you are still receiving medical treatment, including the type of treatment and the name and address of each physician, doctor, or specialist from whom you are still receiving said treatment; and

(f) whether you or anyone acting on your behalf have received any written reports from any such doctor or physician, including any impairment rating, and every document which verifies, refers, or relates in any way to your answer to this Interrogatory, including all medical and doctor reports, statements, or records.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to

11

admissible evidence; (2) calls for the production of information that is protected from disclosure by the physician-patient privilege; (3) is overly broad; (4) requires a narrative response that is more properly reserved for a deposition; and (5) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

> Before I was pregnant with my first child, I didn't see any doctor. Since I joined Purdue in 2004, the first time I saw a doctor was to have prenatal check-up with OBGYN office in early 2017.
>
> The first time I got a primary care doctor was in Fall 2021, I wanted to make sure I was okay. Although Purdue offered cash incentive for annual physical exam, I skipped that for many years.

**INTERROGATORY NO. 12:** Please detail each and every item of damage, and the amount thereof, which you allege to have suffered as a result of any actions allegedly taken against you by Defendant. State separately the amount of damages claimed with respect to each specified type of damage and describe separately the method of computation for each type of damage. Identify any and all documents you rely upon in providing the answer to this Interrogatory.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; (4) requires a narrative response that is more properly reserved for a deposition; and (5) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: as a result of Defendant's discriminatory and retaliatory actions towards me, I have sustained damages, including, but not limited to, lost wages and benefits, compensatory

damages, and attorneys' fees and costs. I have suffered emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions. As for any computation of Plaintiff's claim for emotional distress damages, she refers Defendant to *Davis v. Harris*, 2006 WL3513918 (N.D. Ill. 2006), where the Court noted that "non-pecuniary damages for emotional distress, however, may not be susceptible to computation, and so a failure to provide a computation in discovery may be harmless" (citing Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Likewise, the Davis court pointed out that "punitive damages are also not subject to precise calculation" (citing Farfaras v. Citizens Bank and Trust of Chicago, 433 F.3d 558, 567 (7th Cir. 2006)). In Equal Employment Opportunity Commission v. Wal-Mart Stores, Inc., 276 F.R.D. 637 (E.D. Wash. 2011), the court similarly pointed out that "district courts have frequently denied motions to compel computations of emotional distress and punitive damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'" (quoting, Anderson v. United Parcel Service, 2010 WL 4822564, *10); see also Williams v. Trader Publ'g, Co., 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amendable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)"). Plaintiff does not intend to offer testimony of medical experts or testimony regarding consultations and/or advice from health care providers at the trial of this matter to establish her claim for emotional distress. See Alexander III v. AMCAST Industrial Corporation, 1:02-cv-1869-LJM-VSS (S.D. Ind. 2003); Hucko v. City of Oak Forest, 185 F.R.D. 526 (N.D. Ill. 1999); Santelli v. Electro-Motive, 188 F.R.D. 306 (N.D. Ill. 1999). Plaintiff will offer her own testimony as to how Defendant's discriminatory and retaliatory treatment of her has resulted in her suffering emotional distress, inconvenience, humiliation,

embarrassment, anger, disgust, frustration, and similar emotions as a result of Defendant's unlawful acts. Plaintiff would further state that she has incurred and continues to incur lost wages. Plaintiff has not yet calculated the specific amount of damages for which she seeks recovery in this lawsuit but reserves the right to amend her response to this Interrogatory when a precise amount has been determined.

**INTERROGATORY NO. 13:** Have you or any of your agents/representatives ever recorded any conversations or meetings with Defendant? If so, please state:

(a) the date of each recording;

(b) the location of the recording;

(c) the names of all persons present; and

(d) a summary of the content of the recording.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; (4) requires a narrative response that is more properly reserved for a deposition; and (5) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

Recording 1:
Date: Jan 18, 2023
Location: Dr. Lucy Flesch's office in Purdue Mathematical Sciences Building, 8th floor.
Names of all persons present: the then associate dean Lucy Flesch, former department head of Statistics (2018-2020) Hao Zhang, Bowei Xi

Recording 2:
Date: Apr 05, 2023
Location: Purdue Mathematical Sciences Building, room 228

Names of all persons present: Interim Head Daniel Cziczo who is also Department Head of Earth, Atmospheric, and Planetary Sciences, Bowei Xi

**INTERROGATORY NO. 14:** Please state the identity of any attorney you have contacted in connection with your allegations in this case, and for each state:

(a) the date of your first contact with each such attorney;

(b) the method of contact (e.g., phone or in person);

(c) the identity of all persons present;

(d) whether you retained that attorney at any time; and

(e) the terms of any fee agreeent.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; (4) requires a narrative response that is more properly reserved for a deposition; and (5) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

Betz+Blevins:
(a) On Dec 07, 2022 I paid Betz+Blevins $450 to schedule an initial consultation on Dec 14, 2022.
(b) I only had phone conversations with Attorney Courtney E. Endwright during this process.
(c) Bowei Xi and Courtney E. Endwright
(d) I retained Attorney Courtney E. Endwright. Ended the presentation on Feb 03, 2023 after the appealed failed
(e) Attorney Courtney E. Endwright charged $350 per hour.

John H. Haskin & Associates, LLC:
(a) On Mar 08, 2023, I visited the office of John H. Haskin & Associates, LLC
(b) In person on Mar 08, 2023

15

    (c) Bowei Xi and John H. Haskin
    (d) Retained the attorney on Mar 08, 2023 until the present
    (e) Terms of any fee agreement: initial $7,500 and contingency fee for recovery

**INTERROGATORY NO. 15:** Have you kept any hard copy or electronic diary, journal, log, blog, notebook (or notes), or calendar of any type during your employment with Defendant? If so, please identify its location and the time period covered.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) calls for the production of information that is protected from disclosure by the attorney-client privilege and/or the work-product doctrine; (3) is overly broad; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff states as follows: no.

**INTERROGATORY NO. 16:** Has Plaintiff visited any social networking sites (e.g., Twitter, Facebook, LinkedIn, etc.) or online media (blogs, comments on newspaper webpages, etc.) within the last five (5) years in which she obtained or sought to obtain information relating to this lawsuit, communicated with anyone concerning the allegations in this lawsuit or facts underlying such allegations, communicated with any employee or former employee of Defendant, communicated with anyone or posted about her mental or physical state, or otherwise accessed information in relation to Plaintiff's allegations set forth in this lawsuit? A complete answer to this Interrogatory would include:

    (a) the names of the social networking or online media sites visited and dates of such visits;

(b) the names of individuals whom Plaintiff contacted or received messages from while using the social networking websites;

(c) the date and substance of any conversations, contacts or postings that referenced Plaintiff's former position with Defendant, any of the allegations in this lawsuit, the facts underlying such allegations, or Plaintiff's mental or physical state;

(d) a description of how the websites were accessed (e.g., whether through in-home computer, mobile devices, or elsewhere); and

(e) an identification of any documents reflecting or concerning the websites, the content of the websites or Plaintiff's access to same.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; and (3) is unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff states as follows: no.

**INTERROGATORY NO. 17:** Identify any financial losses sustained in the last three (3) years, whether from real estate activities, financial markets (e.g., stocks, bonds, and other financial instruments), business ventures, gambling, wagering, casualty losses, or other financial losses of any type, and for each provide the date and nature of such financial loss.

**ANSWER:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; (3) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

I sold a stock on Sep 29, 2023 for a loss of -$25,762.58. I ended up losing $25,743.13 in 2023. That is the only financial loss I suffered in the past 3 years.

**INTERROGATORY NO. 18**: Please describe your educational background, identifying all schools, institutions, or programs attended, the dates of each, and any degrees awarded.

**ANSWER**: Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows:

| Degree | Field | Institution | Year |
|---|---|---|---|
| Ph.D. | Statistics | University of Michigan, Ann Arbor | 2004 |
| M.A. | Statistics | University of Michigan, Ann Arbor | 2001 |
| B.S. | Statistics | Peking University | 1999 |

## VERIFICATION

I affirm under the penalties for perjury that the foregoing statements and representations in response to each of the initial discovery requests are true and accurate to the best of my knowledge.

Mar 18, 2024  
Date

*Bowei Xi (Mar 18, 2024 20:38 EDT)*  
Bowei Xi

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March 2024, a copy of the foregoing was served via electronic mail upon the following counsel of record:

John R. Maley  john.maley@btlaw.com
Colleen E. Schade  colleen.schade@btlaw.com

*s/ Timothy A. Dowers*
Timothy A. Dowers